KAREN NELSON MOORE, Circuit Judge,
concurring in the judgment.
I concur in the judgment of the majority opinion and write separately because I disagree with some of the analysis therein. The majority opinion surveys the multiple ways in which the circuits have defined “substantial burden” for the purposes of the Religious Land Use and Institutionalized Persons Act (“RLUIPA”), 42 U.S.C. § 2000cc(a)(1). Although the majority opinion does not purport to commit to any one particular definition, the opinion does suggest a specific formulation of the substantial-burden standard by posing the question: “although the government action may make [a religious institution’s] religious exercise more expensive or difficult, does that government action place substantial pressure on [the religious institution] to violate its religious beliefs or effectively bar the church from using its property in the exercise of its religion?” Majority Op. at 739. No other circuit has advanced this precise standard, and I think this formulation is inadvisable. The latter part of this formulation, concerning a hypothetical bar on the use of a religious institution’s property, is so broad as to swallow the substantial-burden inquiry. Were a religious institution to bring an RLUIPA claim in the case that a land-use regulation bars the use of its property, the question we must then decide is whether that bar constitutes a substantial burden.
I would adopt the substantial-burden standard established by the Seventh Circuit in Civil Liberties for Urban Believers (CLUB) v. City of Chicago, 342 F.3d 752 (7th Cir.2003). The Seventh Circuit held that “a land-use regulation that imposes a substantial burden on religious exercise is one that necessarily bears direct, primary, and fundamental responsibility for rendering religious exercise—including the use of real property for the purpose thereof within the regulated jurisdiction generally— effectively impracticable.” Id. at 761. As the majority opinion explains, the Seventh Circuit initially backed away from the high threshold CLUB set for plaintiffs to prove substantial burden, but has recently returned to this standard. See Vision Church v. Vill. of Long Grove, 468 F.3d 975, 999-1000 (7th Cir.2006). Several other circuits have adopted the CLUB standard. See San Jose Christian Coll. v. City of Morgan Hill, 360 F.3d 1024, 1035 (9th Cir.2004) (finding that “[a]s in the [CLUB1 case, the City’s regulations in this case do not render religious exercise effectively impracticable”); Grace United Methodist Church v. City of Cheyenne, 451 F.3d 643, 661 (10th Cir.2006) (citing CLUB, 342 F.3d *743 at 760-61, for authority regarding the definition of “substantial burden” under RLUIPA); see also The Lighthouse Inst. for Evangelism, Inc. v. City of Long Branch, 100 Fed.Appx. 70, 77 (3d Cir.2004) (unpublished opinion) (same).
Applying the substantial-burden analysis I have outlined above, I concur in the majority’s judgment that the township did not violate RLUIPA.